MILDRED HARDY ET AL. *v.* THE CITY AND TOWN OF HARTFORD ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-704-49590

Argued March 1—decided March 26, 1971

*Elliot Taubman,* of Hartford, for the appellants (plaintiffs).

*Anthony M. Tapogna,* of Hartford, for the appellees (defendants).

DiCenzo, J. This action was brought pursuant to § 7-465 of the General Statutes and relates to the assumption of liability for damage caused by an employee of the city of Hartford. The plaintiffs seek to recover from the city and others for damage resulting from an alleged illegal towing of three automobiles by a police officer. The confused state of the pleadings and the resulting failure to join issue compel the conclusion that this appeal is premature and that further proceedings must be had in the trial court.

The record discloses that the suit was brought on March 25, 1970. A demurrer to the complaint was filed and sustained by the court *(Spallone, J.)* on May 25, 1970. Thereafter, on June 4, 1970, the plaintiffs amended their complaint and at the same time filed a motion to cite in a new party defendant. That motion was granted *(Quinn, J.)* on June 18, 1970. Service of process on the new party defendant was not made. On August 24, 1970, a demurrer to the amended complaint was sustained *(Sicilian, J.).* Thereafter, on October 13, 1970, the plaintiffs, without objection or remonstrance of any kind, filed a further amended complaint and once again moved to cite in a new party. The record indicates that the motion to cite in a new party, the Hartford Housing Authority, although it is difficult to understand from the record how this motion to cite in a new party could have been granted, when the amended complaint filed at the same time, October 13, 1970, included the Hartford Housing Authority as a new party and contained allegations as to the defendant Beard. No pleading attacking the amended complaint was ever filed, nor was any motion to expunge or strike the amended complaint from the file ever

made or heard by the court. On November 27, 1970, the plaintiffs' motion for disclosure and production was granted pro forma, and on December 15, 1970, objections to that motion were sustained by the court *(Armentano, J.)*. Thus, the amended complaint of October 13, 1970, in which Beard was a named defendant and the Hartford Housing Authority was a new defendant, remained in the case unchallenged. On this state of the pleadings and pursuant to a motion for judgment, the court *(Alexander, J.)* on December 29, 1970, rendered judgment for the defendant Beard on the demurrer sustained *(Sicilian, J.)* on August 24, 1970. It is from this judgment that the plaintiffs have appealed.

Under § 131 of the Practice Book, it was permissible for the plaintiffs to amend their complaint after a demurrer had been sustained. If the amended complaint included the defect or defects which had caused the demurrer to be sustained, as it appears from the memorandum of the court *(Sicilian, J.)*, the amended complaint should have been attacked by a motion to expunge or a motion to strike. These were issues for the trial court. See *Oefinger* v. *Dalton,* 116 Conn. 720, 721, where after a demurrer to a complaint had been sustained and the plaintiff had amended the complaint, the trial court granted a motion to strike the amended complaint. Our Supreme Court stated that the amended complaint contained no allegations which would obviate the defect in the original complaint and that therefore the amended complaint served no good purpose in the file.

The instant case is further complicated by what appears to be an order citing in a new party, the Hartford Housing Authority, and by the fact that the Authority appeared by counsel, all after the demurrer of August 24, 1970, had been sustained.

We cannot say at this time what the trial court would do in considering a challenge to the second amended complaint.

In view of our opinion on the state of the pleadings in this case, it is unnecessary to consider the court's ruling on the objections to the plaintiffs' motion for disclosure and production.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion CASALE and DEARINGTON, Js., concurred.